IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, ARTHUR FOSTER III, ERNESTO DIAZ, GERALD GENSOLI, and THOMAS DEPPIESSE,<br><br>                Plaintiffs,<br><br>       v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>                Defendant. | No. 2:18-cv-01698-RJC<br><br>JURY DEMANDED |

**SECOND AMENDED COMPLAINT**

Plaintiffs Horace Claiborne, Sonjia Monique Bowlin, Tyshawn Walker, Willie Seals, Frederick Eppich, Jerome Schoolfield, Kristina Travis, Jeremy Winkels, Arthur Foster III, Ernesto Diaz, Gerald Gensoli, and Thomas Deppiesse bring this action against Defendant FedEx Ground Package System, Inc. ("FedEx") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as under the laws of Arkansas, Maine, New Jersey, Oregon, Vermont, and Wisconsin.

**JURISDICTION AND VENUE**

1.    Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    Venue in proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

3.    Plaintiff Horace Claiborne is an individual residing in Kannapolis, North Carolina, and is a citizen of the State of North Carolina. He has worked as a delivery driver for

1

FedEx from approximately 2011 through the present but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Claiborne has been eligible to receive overtime pay under the FLSA since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

4. Plaintiff Sonjia Monique Bowlin is an individual residing in Booneville, Arkansas, and is a citizen of the State of Arkansas. She worked as a delivery driver for FedEx from approximately March 2014 to August 2019 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Ms. Bowlin was eligible to receive overtime pay under the FLSA and state law since she has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

5. Plaintiff Tyshawn Walker is an individual residing in Stratford, Connecticut, and is a citizen of the State of Connecticut. He worked as a delivery driver for FedEx from approximately March 2018 to April 2020 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Walker was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

6. Plaintiff Willie Seals is an individual residing in Belleville, Illinois, and is a citizen of the State of Illinois. He worked as a delivery driver for FedEx from approximately late 2016 or early 2017 to February 2020 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Seals was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

7. Plaintiff Frederick Eppich is an individual residing in Old Orchard Beach, Maine, and is a citizen of the State of Maine. He has worked as a delivery driver for FedEx from approximately May 2007 to present but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Eppich has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds, but he has not received overtime pay for hours worked beyond 40 per week.

8. Plaintiff Jerome Schoolfield is an individual residing in Salisbury, Maryland, and is a citizen of the State of Maryland. He has worked as a delivery driver for FedEx from approximately 2013 to present but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Schoolfield has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 per week.

9. Plaintiff Kristina Travis is an individual residing in Detroit, Michigan, and is a citizen of the State of Michigan. She worked as a delivery driver for FedEx from approximately May 2017 to March 2020, but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Ms. Travis was eligible to receive overtime pay under the FLSA and state law since she has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

10. Plaintiff Jeremy Winkels is an individual residing in Duluth, Minnesota, and is a citizen of the State of Minnesota. He has worked as a delivery driver for FedEx from approximately November 2017 to present but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Winkels has been eligible to

receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 per week.

11. Plaintiff Arthur Foster III is an individual residing in Linden, New Jersey and is a citizen of the State of New Jersey. He has worked as a delivery driver for FedEx from approximately October 2011 through the current date but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Foster has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 per week.

12. Plaintiff Ernesto Diaz is an individual residing in Portland, Oregon and is a citizen of the State of Oregon. He worked as a delivery driver for FedEx from approximately January 2011 to June 2024 but has been employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Diaz has been eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 per week.

13. Plaintiff Gerald Gensoli is an individual residing in Essex Junction, Vermont, and is a citizen of the State of Vermont. He worked as a delivery driver for FedEx from approximately April 2017 to April 2019 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Gensoli was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

14. Plaintiff Thomas Deppiesse is an individual residing in Rothschild, Wisconsin, and is a citizen of the State of Wisconsin. He worked as a delivery driver for FedEx from

approximately 2018 to April 2020 but was employed through intermediary entities that FedEx calls "independent service providers" (ISPs). Mr. Deppiesse was eligible to receive overtime pay under the FLSA and state law since he has driven a vehicle weighing less than 10,001 pounds but did not receive overtime pay for hours worked beyond 40 per week.

15. FedEx Package System, Inc. ("FedEx") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

16. FedEx employs thousands of individuals across the country, including Plaintiffs, who are engaged in interstate commerce. FedEx is an employer covered by the FLSA.

## **FACTS**

17. FedEx operates a package pickup and delivery business servicing customers throughout the United States.

18. FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

19. Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status

of these drivers around the country – during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[1] – FedEx shifted its method of hiring drivers in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

20. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

21. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

22. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

23. Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

---

[1] *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

24. Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

25. The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

26. Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

27. FedEx micromanages the manner in which Plaintiffs and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

    a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

    b. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

    c. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

7

   d. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

   e. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

   f. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

   g. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

   h. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

   i. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

  28. Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

  29. For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP. These drivers' responsibilities and the procedures they were required to follow did not change in any material way following the conversion to drivers working under ISPs. Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

30. FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

31. For example, Plaintiff Claiborne regularly works as a FedEx delivery driver five days per week. Until approximately 2016, he regularly worked from approximately 5:30 or 6:00 a.m. until around 8:00 p.m., totaling more than 70 hours each week. Since approximately 2016, he regularly works from approximately 5:30 a.m. until approximately 2 or 2:30 p.m., totaling more than 40 hours each week.

32. The named plaintiffs have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

33. However, the named plaintiffs have not received overtime pay for their work beyond 40 hours per week.

34. Because FedEx is these drivers' employer under the FLSA and state law, it is liable to them for the unpaid overtime.

35. By establishing a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA and state law, FedEx has acted in reckless disregard of the drivers' rights. FedEx has known or should have known that its delivery drivers have not been paid the overtime they are owed.

36. However, regardless of FedEx's actual or constructive knowledge of this fact, it is liable for any overtime payments due to its delivery drivers who have worked under ISPs.

## COUNT I
**(Unpaid Overtime Under the FLSA)**

37.     The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## COUNT II
**(Unpaid Overtime Under Arkansas Law)**

38.     Arkansas law entitles employees to overtime premium compensation "not less than one and one-half (1 1/2) times" the employee's regular pay rate for hours worked beyond 40 per week. Ark. Code § 11-4-211. FedEx is liable under Arkansas law for unpaid overtime owed to Sonjia Bowlin.

## COUNT III
**(Unpaid Overtime Under Maine Law)**

39.     Maine law entitles employees to overtime premium compensation "1 ½ times the regular hourly rate" of the employee's regular pay rate for hours worked beyond 40 per week. Me. Rev. Stat. tit. 26, § 664. FedEx is liable under Maine law for unpaid overtime owed to Frederick Eppich.

## COUNT IV
**(Unpaid Overtime Under New Jersey Law)**

40.     New Jersey law entitles employees to "not less than 1 ½ times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week[.]" N.J.S.A. § 34:11-56a4. FedEx is liable under New Jersey for unpaid overtime to Arthur Foster III.

10

## COUNT V
### (Unpaid Overtime Under Oregon Law)

41. Oregon law entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked beyond 40 per week. Or. Rev. Stat. § 625.020(3)(b). FedEx is liable under Oregon law for unpaid overtime owed to Ernesto Diaz.

## COUNT VI
### (Unpaid Overtime Under Vermont Law)

42. Vermont law entitles employees to overtime premium compensation "not less than time and one-half times" the employee's regular pay rate for hours worked beyond 40 per week. See VT Stat. § 21-384(b). FedEx is liable under Vermont law for unpaid overtime owed to Gerald Gensoli.

## COUNT VII
### (Unpaid Overtime Under Wisconsin Law)

43. Wisconsin law entitles employees to overtime premium compensation "at least 1.5 times" the employee's regular pay rate for hours worked beyond 40 per week. Wis. Stat. § 103.025(c). FedEx is liable under Wisconsin law for unpaid overtime owed to Thomas Deppiesse.

## COUNT VIII
### (Declaratory Judgment)

44. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration that they were FedEx's employees within the meaning of the FLSA and applicable state laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A.  Restitution for all unpaid overtime owed to the drivers;

B.  Liquidated damages and prejudgment interest, pursuant to the FLSA and applicable state laws;

C.  Litigation costs, expenses, and attorneys' fees;

D.  Judgment declaring that Plaintiffs were FedEx's employees within the meaning of the FLSA and applicable state laws; and

E.  Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial on their claims.

Dated: July 24, 2024                     Respectfully submitted,

HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, ARTHUR FOSTER III, ERNESTO DIAZ, GERALD GENSOLI, and THOMAS DEP-PIESSE

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*)
Harold Lichten (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
hlichten@llrlaw.com

Jeremy Abay (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com

Peter Winebrake
Mark J. Gottesfeld
Michelle Tolodziecki
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
mgottesfeld@winebrakelaw.com
mtolodizekci@winebrakelaw.com

Brian Gonzales (*pro hac vice*)
THE LAW OFFICES OF BRIAN D.
GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562
bgonzales@coloradowagelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
